STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JEREMY M. GOLDSTEIN (CABN 324422)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7157
    Fax: (415) 436-7234
    Jeremy.Michael.Goldstein@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:22-CR-00226-JSC |
| Plaintiff, | **UNITED STATES' MOTION FOR DETENTION** |
| v. | Date: March 8, 2023 |
| IVAN DIAZ, | Time: 10:30 a.m. |
| Defendant. | Court: Hon. Joseph C. Spero |

## I.  INTRODUCTION

On April 25, 2022, Defendant Ivan Diaz-Velasquez was arrested in San Francisco's Tenderloin neighborhood after officers witnessed him conducting a hand-to-hand narcotics sale. A search incident to Mr. Diaz-Velasquez's arrest uncovered 140 grams of fentanyl, 74 grams of heroin, 24 grams of powder cocaine, 18 grams of crack, and 9 grams of methamphetamine on his person and in a backpack he carried. On June 14, 2022, a federal grand jury in the Northern District of California returned an indictment charging Mr. Diaz-Velasquez with possession with intent to distribute 40 grams or more of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi).

Under any circumstances, the quantity and variety of drugs in Mr. Diaz-Velasquez's possession when he was arrested would suggest that he is a danger to the community. But Mr. Diaz-Velasquez's arrest was not his first conviction for drug charges. On October 29, 2021, less than six months before he was arrested in this case, Mr. Diaz-Velasquez was convicted in San Francisco Superior Court of possession of a controlled substance for sale, in violation of California Health and Safety Code Section 11351.5, and sentenced to two years' probation. Mr. Diaz-Velasquez ignored the terms of his court-imposed probation then and may ignore the terms of his pre-trial release in the future if released from detention.

As the Pre-Bail Report makes clear, Mr. Diaz-Velasquez is also a substantial flight risk. He is not a United States Citizen and he has few ties to the Bay Area. To safeguard his appearance at trial, and to ensure the safety of the community, the government respectfully requests that the defendant be detained pending trial.

## II.  FACTUAL BACKGROUND

**A.  Mr. Diaz-Velasquez's Background and Criminal History**

Mr. Diaz-Velasquez is a citizen of Honduras, and his parents, siblings, wife, and minor child all reside in that country. For the past three months, Mr. Diaz-Velasquez has lived with a cousin in Oakland, California, but he has few other ties to the San Francisco Bay Area. Before moving the Bay Area in 2019, he spent only a year in California.

Mr. Diaz-Velasquez has been convicted of several drug and immigration crimes. On December 21, 2012, Mr. Diaz-Velasquez was convicted of possession with intent to distribute a controlled

substance in Utah, in violation of Utah Code § 58-37-8(1)(A)(iii), and sentenced to 60 days in jail and three years' probation. On October 29, 2021, Mr. Diaz-Velasquez was convicted of possession of a controlled substance for sale, in violation of California Health & Safety Code § 11351.5, and sentenced to ten days in jail and two years' probation. He was still on probation for that charge when arrested by San Francisco Police Department ("SFPD") Officers on April 25, 2022.

Mr. Diaz-Velasquez has also been charged with illegally entering the United States, in violation of 8 U.S.C. § 1325, on February 20, 2011, and July 27, 2015, and sentenced to 30 days' and 180 days' in jail, respectively. He was later convicted with illegally reentering the United States, in violation of 8 U.S.C. § 1326(b)(1), on March 25, 2019.

When arrested on April 25, 2022, he was still on probation for his California State drug and federal illegal reentry convictions.

**B.   Charged Conduct**

On April 25, 2022, two SFPD officers were on patrol in the Tenderloin neighborhood of San Francisco when one of them observed Mr. Diaz-Velasquez interacting with another man at or near the intersection of Hyde and Ellis Streets. The officer saw the man hand Mr. Diaz-Velasquez cash and Mr. Diaz-Velasquez open a clear bag containing a crushed white substance. The SFPD officers followed and detained Mr. Diaz-Velasquez. When asked if he had just sold drugs, Mr. Diaz-Velasquez said in Spanish: "It was just crystal, give me a break." At the time, Mr. Diaz-Velasquez was holding a $20 bill in his right hand and a clear baggie containing a crushed white substance in his left.

The officers arrested Mr. Diaz-Velasquez and searched him incident to arrest. On his person, they found $775 in cash (including the $20 he had in his right hand) and what appeared to be powder cocaine, heroin, and crack cocaine.  At the station, officers searched a black backpack Mr. Diaz-Velasquez had been carrying at the time of his arrest and found inside what they suspected to be fentanyl, methamphetamine, heroin, powder cocaine, crack cocaine, oxycodone, Alprazolam, and suboxone. They later determined that the backpack contained the following drugs in the following quantities: 140.2 grams fentanyl, 8.8 grams methamphetamine, 24.3 grams powder cocaine, 18.4 grams crack cocaine, 9.3 grams in oxycodone pills, and 3.5 grams in Alprazolam pills.

Mr. Diaz-Velasquez's arrest in April 2022 followed a prior arrest in August 2021 in which he

sold fentanyl to an undercover SFPD officer in the Tenderloin. Upon his arrest for that offense, SFPD officers found the following drugs in the following quantities in his possession: 81.5 grams fentanyl, 27.6 grams methamphetamine, 2.4 grams crack cocaine, and 12.9 grams powder cocaine. They also found $460 in cash and 12.2 grams of what they suspected to be heroin, although they did not test that substance due to a lack of testing kits.

On June 14, 2022, a federal grand jury in the Northern District of California returned an indictment charging Mr. Diaz-Velasquez with possession with intent to distribute 40 grams or more of Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(vi).

### III.     LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

## IV.     ARGUMENT

### A. The Nature of the Charged Conduct, Mr. Diaz-Velasquez's History and Characteristics, and the Weight of Evidence Against Him Demonstrate that He Is a Danger to the Community

The quantity and variety of drugs possessed by Mr. Diaz-Velasquez when he was arrested on April 25, 2022, are alarming: 140.2 grams fentanyl, 8.8 grams methamphetamine, 24.3 grams powder cocaine, 18.4 grams crack cocaine, 9.3 grams in oxycodone pills, and 3.5 grams in Alprazolam pills. More alarming still, his arrest occurred less than a year after he was arrested under substantially similar circumstances with an equally alarming quantity and variety of drugs: 81.5 grams fentanyl, 27.6 grams methamphetamine, 2.4 grams crack cocaine, and 12.9 grams powder cocaine. His conduct indicates that Mr. Diaz-Velasquez is unlikely to be deterred by the threat of incarceration and, if released before trial, may continue to possess and distribute drugs in the Tenderloin.

The weight of the evidence against Mr. Diaz-Velasquez is overwhelming. SFPD officers witnessed him conducting a drug sale and, when arrested, he admitted that he had just sold methamphetamines, saying "It was just crystal, give me a break."

The nature and circumstances of the offense, Mr. Diaz-Velasquez's history and characteristics, and the weight of evidence against him weigh strongly in favor of detention before trial.

### B. The Defendant is a Significant Flight Risk[1]

As the Pre-Bail Report recognizes, Mr. Diaz-Velasquez is a substantial flight risk. He does not have community ties in the Bay Area. He is not a citizen of the United States, and the entirely of his family, except a cousin, reside in Honduras. Moreover, the defendant does not appear to have a stable living situation. He has resided with his cousin in Oakland for only three months, and over the past twenty years, he has bounced between Honduras; the San Francisco Bay Area; Seattle, Washington; Salt Lake City, Utah; and Canada.

Moreover, Mr. Diaz-Velasquez's past conduct shows that he cannot be trusted to obey court orders. He was arrested in April 2022 while on probation and less than a year after he was arrested in the

---

[1] At Mr. Diaz-Velasquez's March 2, 2023, Initial Appearance, counsel for the government represented that Mr. Diaz-Velasquez had been at-large for several months before his arrest in Arizona in December 2022. That was incorrect. Mr. Diaz-Velasquez was incarcerated during that period, after violating the terms of his supervised release.

Tenderloin for substantially similar conduct. He has illegally entered and reentered the United States on several occasions.

In consideration of all the circumstances—including the weight of the evidence against him, the potentially significant sentence he faces if convicted, and his demonstrated failure to comply with court supervision—there is a substantial risk that Mr. Diaz-Velasquez will refuse to abide by any court-ordered conditions of release and flee.

## V.     CONCLUSION

There are no set of conditions that will reasonably assure the safety of the community of Mr. Diaz-Velasquez's appearance at court proceedings. The Court should order the defendant detained pending trial.

DATED:  March 7, 2023                                                  Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney


 /s/ Jeremy M. Goldstein
JEREMY M. GOLSTEIN
Assistant United States Attorney